Sylvia **BOOKMAN**, Individually and as Administrator of the Estate of Ronald W. Bookman, Jr., Ronald W. Bookman III, and William D. Bookman, Appellants,

v.

Vesenda **BOLT** and the City of Dallas, Appellees.

No. 05–93–00761–CV.

Court of Appeals of Texas, Dallas.

June 10, 1994.

Rehearing Denied July 26, 1994.

David R. Weiner, Robert L. Grening, and Thomas J. Stutz, Law Office of Windle Turley, P.C., Dallas, for appellants.

John Dirby, Asst. City Atty., Dallas, for appellees.

Before THOMAS, OVARD and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Appellants complain of the trial court's granting summary judgment in this wrongful death action. We conclude that the trial court correctly rendered summary judgment on grounds of sovereign immunity. We overrule appellants's sole point of error and affirm the trial court's judgment.

## BACKGROUND FACTS

An automobile struck bicyclist Ronald W. Bookman, Jr. as he rode on a bicycle path that traversed Greenville Avenue. Bookman died as a result of the accident.

At the time of Bookman's accident, two construction projects to extend Royal Lane

were in progress. One project worked toward Greenville Avenue from the east and the other from the west. The City planned that the two projects would meet at Greenville Avenue and form an intersection with that street. The City planned to install a traffic signal at the intersection after construction was complete and before Royal Lane was opened to vehicular traffic. Neither construction project had reached Greenville Avenue at the time of Bookman's accident. Nor had the planned traffic signal been installed at that time. A warning system was in place and operating at the time of Bookman's accident.[1]

Appellants sued the City and Vesenda Bolt, the driver of the car that struck Bookman. Appellants alleged that Bolt was negligent.[2] Appellants alleged that the City was negligent and grossly negligent. Appellants alleged that the city failed to: (i) warn of a dangerous condition "and/or" special defect; (ii) properly warn of "and/or" sign the dangerous condition "and/or" special defect; (iii) properly inspect the area in question; and (iv) correct the dangerous condition "and/or" special defect.

The City filed a motion for summary judgment. In its motion, the City asserted: (i) sovereign immunity; (ii) it owed no duty to Bookman; (iii) failure to state a cause of action; (iv) new and independent cause; (v) the complained-of acts and omissions were governmental functions; and (vi) no special defect.

The trial court subsequently granted the City's motion for summary judgment without stating the legal basis for granting relief.

Appellants took nothing. The City recovered costs.

## SOVEREIGN IMMUNITY

In their point of error, appellants complain that the trial court erred by granting the City's motion for summary judgment. Appellants argue that summary judgment was not properly granted on any basis stated in the City's motion.[3]

The City moved for summary judgment, in part, on the basis of sovereign immunity. The City alleged sovereign immunity on grounds that it was not required by law to install a traffic signal, and any failure to install a traffic signal was the result of discretionary action. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 101.056(1) & (2) (Vernon 1986) (discretionary powers). The City also argued that sovereign immunity applied because the failure to initially install a traffic signal was the result of a discretionary action. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.061(a)(1) (Vernon 1986) (traffic and road-control devices).

Sections one and two of appellants' first point of error complain of the trial court's granting summary judgment based on sections 101.056 and 101.060. Appellants present one argument under the first two sections of their point of error. Similarly, we address sections one and two of the first point of error together.

## STANDARD OF REVIEW

█ The function of a summary judgment is not to deprive a litigant of the right

1. Existing warnings included: (i) bicycle-crossing signs and flashing lights, which were 290 feet north and 360 feet south of Royal Lane and that operated twenty-four hours each day; (ii) pavement markings in every traffic lane of Greenville Avenue; and (iii) a "continental," or striped, crosswalk across Greenville Avenue.

2. The trial court entered an interlocutory default judgment against Bolt. Appellants subsequently nonsuited their claims against Bolt. The City, which had filed a cross-claim against Bolt, also nonsuited Bolt.

3. Appellants's point of error contains eight sections. In those sections, appellants argue that summary judgment was not proper on grounds of (1) sovereign immunity based on section 101.-

060 of the Texas Tort Claims Act; (2) sovereign immunity based on section 101.056 of the Texas Tort Claims Act; (3) sovereign immunity under section 101.055 of the Texas Tort Claims Act; (4) the City's contention that it did not owe Ronald W. Bookman, Jr. the duty owed to a licensee; (5) section 75.002(c) of the Texas Civil Practice and Remedies Code; (6) the City's contention that appellants failed to state a cause of action under the Texas Tort Claims Act with respect to their allegation that the city failed to properly inspect the premises in question; (7) the City's contention that the City was not grossly negligent; and (8) the City's claim that the death of appellants' decedent was proximately caused by a new and independent cause.

to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *See Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). In reviewing a summary-judgment record, this Court applies the following standards:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of the summary-judgment rule is not to provide either a trial by deposition or a trial by affidavit, but is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). For the defendant, as movant, to prevail on a summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). An issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

■ In a summary-judgment case, the question on appeal is whether the summary-judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

## APPLICABLE LAW

Sovereign immunity to suit is waived and abolished to the extent of liability created by the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986). The tort claims act waives sovereign immunity for death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986).

■ Waiver of sovereign immunity does not apply to a claim based on:

> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986). Nor is sovereign immunity waived for a claim arising from the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit. TEX.CIV.PRAC. & REM. CODE ANN. § 101.060(a)(1) (Vernon 1986).

■ If the negligence that gives rise to a claim lies in the formulation of a policy, the government remains immune from liability. However, if an officer or employee of a governmental unit acts negligently in carrying out policy, government liability may exist under the tort claims act. *State v. Terrell,* 588 S.W.2d 784, 788 (Tex.1979).

## ANALYSIS

### 1. Negligent Implementation

Appellants recognize that the City had the discretion to not install a traffic light. They

initially argue, however, that the issue is whether the City, "having made the initial policy decision to install a traffic light," was negligent in executing or implementing the decision.

Appellants quote *Christilles v. Southwest Tex. State Univ.*, 639 S.W.2d 38, 41 n. 2 (Tex.App.—Austin 1982, writ ref'd n.r.e.). *Christilles* concerned section 101.056's predecessor statute. The *Christilles* court noted that the predecessor statute provided for sovereign immunity only when government decides not to do an act or refuses to decide whether to perform the act. *Christilles*, 639 S.W.2d at 41 n. 2.

■ We conclude that *Christilles* does not support appellants' position. The record shows that at the time of Bookman's accident, the City had decided to not install a traffic signal until construction was complete. *Christilles*, therefore, counsels a conclusion that sovereign immunity insulated the City from liability. Accordingly, we reject the negligent-implementation argument.

### 2. Existing Warnings

Appellants raise two arguments concerning inadequate warnings in place at the time of Bookman's accident. Appellants contend that: (i) the City did not seek summary judgment on the inadequate-warnings claim and (ii) the adequacy and appropriateness of the existing warnings presents an issue of negligence in implementation of a policy decision.

First, we conclude that the City expressly sought summary judgment on the claims of inadequate and inappropriate existing warnings. *See* Tex.R.Civ.P. 166a(c) (trial court may grant summary judgment on grounds set out in motion); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979) (same). In arguing that they alleged inadequate and inappropriate existing warnings, appellants direct our attention to their second amended original petition and an answer in their response to the City's second set of interrogatories. Interrogatory 4(b)(i) sought a specific statement of any defects of any sign existing at the time of Bookman's accident. Appellants responded: "The sign-

ing as a whole failed to visually communicate adequately the dangers inherent at the intersection." The City, in part, sought summary judgment on grounds of sovereign immunity for any failure of the warnings "as a whole." The record does not support appellants' contention that the City did not seek summary judgment on allegations of inadequate or inappropriate existing warnings.

■ Second, we conclude that the trial court correctly granted summary judgment on allegations of deficient existing warnings. The second amended original petition alleged that the City failed to properly warn "and/or" sign the area surrounding Bookman's accident. The summary-judgment evidence shows that appellants' complaint of the existing system was about the system as a whole. The complaint about the system as a whole was that it did not include a traffic signal at the intersection.

Although appellants argue in terms of a deficient existing warning system, they actually contend that sovereign immunity does not protect the City because a traffic signal was not installed at the intersection due to negligently implemented policy. We already have concluded that sovereign immunity protected the City from liability for negligent-implementation allegations based on the timing of installation. We now reject the same argument when presented in the guise of an attack on the adequacy and appropriateness of existing warnings.

### 3. "Absence" of Traffic Signal

Appellants argue that they alleged facts to establish the City's liability for the absence of a traffic light pursuant to section 101.-060(a)(2). Section 101.060(a)(2) provides that the tort claims act

> ... does not apply to a claim arising from the *absence*, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice....

Tex.Civ.Prac. & Rem.Code Ann. § 101.-060(a)(2) (Vernon 1986) (emphasis added). In support of their argument, appellants rely

**776**

on *Zambory v. City of Dallas*, 838 S.W.2d 580, 582–83 (Tex.App.—Dallas 1992, writ denied).

We initially note that *Zambory* is factually distinguishable from the case before us. *Zambory* involved another a bicyclist, Bruce Wayne Zambory, who was struck by an automobile at the same location of Bookman's accident. *Zambory*, 838 S.W.2d at 581. The critical distinguishing fact in *Zambory* is a Dallas City Council meeting that occurred on April 27, 1988. During that meeting, city council addressed the bicycle path's hazardous condition. *Zambory*'s accident happened after city council met.

The trial court in *Zambory* granted the City's motion for summary judgment on grounds that its decision not to install the traffic signal until completion of the intersection was a discretionary act protected by sovereign immunity. *Zambory*, 838 S.W.2d at 581. The appellants argued that city council decided at its April 27 meeting to take immediate action to install the traffic light. This Court found a genuine issue of material fact as to whether city council acted to take immediate action on April 27. *Zambory*, 838 S.W.2d at 582.

If city council did decide to install a traffic signal, section 101.060(a)(1) would not provide sovereign immunity for failure to initially install the device. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.060(a)(1) (Vernon 1986); *Christilles*, 639 S.W.2d at 41 n. 2. Any timing decision would then be incidental or related to implementation of a discretionary or policy-formulated decision. *Terrell*, 588 S.W.2d at 788. The *Zambory* court therefore properly reviewed the summary judgment in light of article 101.060(a)(2).

■ We, however, already have stated our decision that the City made no such initial decision to install a traffic signal before Bookman's accident.[4] *Zambory* does not counsel application of section 101.-060(a)(2) in such circumstances. Accordingly, we conclude that the record before us demonstrates as a matter of law that section

101.060(a)(2) does not subject the City to liability. We overrule the point of error.[5]

We affirm the trial court's judgment.

---

4. Bookman's accident happened before the city council's April 27 meeting.

5. Because our disposition of the first two sections of appellants's point of error is dispositive of the appeal, we do not reach the remaining six sections.