Catalina Cortez REYES, Individually and as the Executor of the Estate of Roberto Cortez, Deceased; Gregorio Leal and Margarita Leal, Individually and as the Next Kin of Edward Leal, Deceased; and Refugio Rios Perez a/k/a Refugio Rios and Guadalupe Rios, Individually and on the Behalf of the Estate of Gilberto Rios, Deceased, Appellants,

v.

The CITY OF HOUSTON, Appellee.

No. 01–98–00062–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1999.

Keith C. Livesay, Pharr, Bill R. Gifford, Houston, Hector Eliseo Garcia, John Gregory Escamilla, McAllen, for appellant.

Anthony W. Hall, Jr., Laura Ann Coast, Houston, for appellee.

Panel consists of Justices MIRABAL, HEDGES, and SMITH.*

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

ADELE HEDGES, Justice.

This is an appeal from the grant of a plea to the jurisdiction in favor of the City of Houston and the resulting dismissal for want of jurisdiction. We reverse and remand.

### Facts

Three young men died in a car accident on July 13, 1996. Their car ran off the end of a dead-end road and hit a chain-link fence some distance from the road. Their survivors brought a wrongful death action[1] against the City of Houston under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 & Supp.1999) [hereinafter "Act"]. The petition alleged that the City was negligent for its "failure to warn and barricade the dead end of Sixth (6th.) Street, where an excavation and road obstruction was located, for traffic traveling eastbound on Sixth (6th.) Street; especially during the hours of darkness." The petition further alleged "that the City had been notified of this dangerous condition from a similar type of accident at the same location during the month of June 1996; just prior to the accident made the basis of this lawsuit."

The City filed a plea to the jurisdiction, asserting that the trial court did not have jurisdiction based on governmental immunity. The trial court granted the plea to the jurisdiction and dismissed the cause.

### Standard of Review

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Texas Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 142 (Tex.App.—Dallas 1998, no pet.). Subject matter jurisdiction is essential to a court's authority to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Subject matter jurisdiction is a question of law and cannot be waived. *Id.* at 446.

■ A plaintiff must allege facts affirmatively showing that the trial court had subject matter jurisdiction. *Id.* The trial court determines the issue solely by the allegations in the plaintiff's pleadings, and the allegations must be taken as true. *Id.* In our review, we construe the pleadings in favor of the pleader. *Id.*

### Sovereign Immunity

■ The City of Houston is a governmental unit generally immune from tort liability, except where the legislature has specifically waived that immunity. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 593 (Tex.App.—Austin 1991, writ denied). This suit was brought under the Act, which provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Act § 101.021(2).

### Plea to the Jurisdiction

■ In issue 1(a), the Rioses contend that the City's plea to the jurisdiction was not the proper vehicle to assert immunity.

---

1. Catalina Cortez Reyes sued individually and as the executor of the estate of Roberto Cortez, deceased. Gregorio Leal and Margarita Leal sued individually and as next of kin of Edward Leal, deceased. Refugio Rios Perez a/k/a Refugio Rios and Guadalupe Rios intervened in the lawsuit individually and on behalf of the estate of Gilberto Rios, deceased. Reyes and the Leals have filed a separate appeal from the appeal brought by the Rios intervenors. Reyes, the Leals, and the Rioses will be collectively referred to as appellants. The issue is not before us as to whether appellants are the proper parties to bring and benefit from a wrongful death action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.004 (Vernon 1997).

A person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(8) (Vernon 1997).[2]

We overrule issue 1(a) by the Rioses.

### Correction of Condition After Reasonable Notice Under Section 101.060(a)(2)

In issue 3(b) by the Rioses, and in issue 4 by Reyes and the Leals, appellants contend that the City is subject to liability under section 101.060(a)(2) because it did not correct the dangerous condition of the dead-end street, despite its knowledge of a prior car accident that occurred at the same location the month before the accident at issue. Specifically, appellants' petition alleged that: (1) the City was negligent for "failing to barricade and properly warn" about the dangers at the dead-end street; (2) "the City had been notified of this dangerous condition from a similar type of accident at the same location" that had occurred the month before; and (3) the City "put a barricade with reflective markings at the accident location only days after" the accident.

Under section 101.060(a)(2), immunity is not waived for a claim arising from the "absence, condition or malfunction of a traffic or road sign, signal, or warning device *unless* the absence, condition or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice." Act § 101.060(a)(2) (emphasis ours). In other words, immunity is waived if the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice.

Appellants contend that immunity is waived under section 101.060(a)(2) in this case because the City's "absence of a bar-

ricade" was, under the statutory language, the "absence" of a "warning device" that was not corrected within a reasonable time after notice of the prior accident. In response, the City asserts that it is immune from liability because its acts were discretionary under section 101.056 of the Act.

■ This Court has previously held that immunity for discretionary acts under section 101.056 "does not apply to claims arising from the absence of a warning device if the government knew of the problem and failed to act within a reasonable time," as required by section 101.060. *Harris County v. Demny,* 886 S.W.2d 330, 336 n. 1 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *see also Zambory v. City of Dallas,* 838 S.W.2d 580, 583 (Tex.App.—Dallas 1992, writ denied). Similarly, in this case, we disagree with the City's contention that section 101.056 controls over section 101.060(a)(2).

■ In our review, we construe the pleadings in favor of the pleader. *Texas Air Control Bd.,* 852 S.W.2d at 446. Appellants' petition described a prior accident at the same location the month before the accident at issue. Accordingly, for the limited purpose of the City's plea to the jurisdiction, we view appellants' pleadings as true regarding the City's notice of the prior accident and its failure to correct the condition within a reasonable time. Thus, the trial court erred in granting the City's plea to the jurisdiction because section 101.060(a)(2), in which immunity is waived, controls over section 101.056, in which discretionary acts are covered by immunity.

We sustain appellants' issue as to the claim under section 101.060(a)(2) and need not address the remaining issues presented. The City may still prevail on summary judgment on the issue of immunity if it establishes that there is no genuine issue of material fact regarding notice.

---

**2.** Any dicta to the contrary stated in *Davis v. City of San Antonio,* 752 S.W.2d 518 (Tex.

1988), has been superceded by this statute.

## Conclusion

We reverse the judgment and remand the cause to the trial court.