# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00144-CV

**Otto Ihlo and LaVera Ihlo, Appellants**

**v.**

**The State of Texas and the Texas Department of Transportation, Appellees**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT NO. 23,175 HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

Otto Ihlo and LaVera Ihlo appeal from the dismissal of their claims against the State of Texas and the Texas Department of Transportation (collectively, "the State") arising out of a traffic accident. The court granted the State's plea to the jurisdiction based on sovereign immunity and dismissed the Ihlos' suit for want of jurisdiction. The Ihlos contend that their claims were within the waivers of sovereign immunity concerning claims that the State failed to correct the absence of a traffic sign or warning device within a reasonable time after notice and that the State negligently implemented its plan or policy decision regarding an intersection. We will affirm the judgment.

The Ihlos were injured in an automobile collision in Bastrop on June 26, 1997. They were driving on Texas Highway 21 when a truck driving on Loop 150 proceeded through the intersection of the two roads and struck the Ihlos' vehicle.

The intersection was designed in 1964. By 1995, numerous accidents at the intersection caused State employees to request regrading of the intersection and installation of a

flashing warning light. The upgrade of the intersection was approved for construction during fiscal year 1998; the record is not clear on whether the warning light was part of the approved alterations. Construction began in July 1998.

The Ihlos sued the State of Texas, the Texas Department of Transportation, the City of Bastrop, and the County of Bastrop. The Ihlos contended that the governmental entities built an intersection with poor visibility because of a steep incline on the approach, set speed limits that were too high for the conditions, and failed to install warning signs even after getting notice of the dangerousness of the intersection. The Ihlos' claims were based upon premises liability, negligence, gross negligence, failure to warn of dangerous conditions on the roadway and intersection within a reasonable time after notice, failure to timely implement approved safety changes to the roadway and intersection, and failure to comply with section 101.060 of the Texas Civil Practice and Remedies Code. The Ihlos nonsuited the Bastrop entities after discovery showed that the entities did not control the intersection.

The Department filed a plea to the jurisdiction, contending that under the Tort Claims Act ("the Act") it retains sovereign immunity from the Ihlos' suit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001, et seq. (West 1997 & Supp. 2002) ("Code"). The district court granted the motion, dismissing the Ihlos' claims against both the Department and the State.

On appeal, the Ihlos contend by two points of error that the district court erred by dismissing their claims of negligence, gross negligence, and negligent implementation. We review a trial court's ruling on a plea to the jurisdiction de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Bus. v. Texas Air*

*Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also City of Saginaw v. Carter*, 996 S.W.2d 1, 2-3 (Tex. App.—Fort Worth 1999, pet. dism'd w.o.j.). We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

The Ihlos' appeal turns on whether the district court correctly held that the State did not waive sovereign immunity from their claims. Departing from the tradition that the sovereign can do no wrong, the legislature has waived the State's immunity from liability for its wrongs in some situations. "A governmental unit in the state is liable for: . . . (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Code § 101.021. The waiver has some exceptions; it does not apply to

> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

*Id.* § 101.056. Nor does the waiver apply to

> (1) the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit; [or]
>
> (2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice.

3

*Id.* § 101.060(a). Courts of appeals have interpreted subsection 101.060(a)(2) to mean that immunity is waived for the absence of a warning sign only if the absence is due to the disappearance of an installed sign or the failure to install a sign after the governing body authorized its installation. *See City of Fort Worth v. Robles*, 51 S.W.3d 436, 441-42 (Tex. App.—Fort Worth 2001, pet. denied); *Texas Dep't of Transp. v. Sanchez*, No. 04-01-00267-CV, 2001 Tex. App. LEXIS 7098, at \*5-\*8 (Tex. App.—San Antonio October 24, 2001); *see also Texas Dep't of Transp. v. Bederka*, 36 S.W.3d 266, 271 (Tex. App.—Beaumont 2001, no pet.); *but see Reyes v. City of Houston*, 4 S.W.3d 459, 462 (Tex. App.—Houston [1st Dist.] 1999, pet. denied);[1] *Harris County v. Demny*, 886 S.W.2d 330, 332 n.1 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

The Ihlos' contentions on appeal regarding their negligence claims focus on Code section 101.060(a)(2). They claim that the State was negligent by failing (1) to correct a dangerous condition caused by the absence of a sign by placing a traffic or road sign, signal, or warning device at the roadway and intersection within a reasonable time after notice, (2) to exercise ordinary care in monitoring and reviewing the numerous accident reports relating to this roadway and intersection, (3) to comply with Code section 101.060, "among other things."

We conclude that the Ihlos did not plead facts permitting the exercise of jurisdiction. We find no waiver of immunity for errors in reviewing accident reports; the waivers of immunity in Code section 101.060(a)(2) relate to the installation and maintenance of signs. The Ihlos contend,

---

[1] We note that the supreme court also denied the petition for review of a case in which the Fourteenth Court of Appeals affirmed the dismissal of the suit by the fourth passenger in the same car as the plaintiffs in *Reyes*. *See Montes v. City of Houston*, 45 Tex. Sup. J. 29, 2001 Tex. LEXIS 93 (October 18, 2001) (Hecht, J., concurring in denial of petition). Justice Hecht, in concurring with the denial of the petition for review, opines that the Fourteenth Court was correct to deny the petition. The motion for rehearing of this denial is pending, as is the publication status of the concurring opinion.

not that there were installed, but missing, warning signs, but that the State failed to install signs when it knew the intersection was dangerous. Though the record contains a State employee's recommendation that a flashing warning light be installed during the reconfiguration of the intersection, there is no pleading or evidence that the recommendation was adopted. Because there is no pleading or evidence that an approved warning sign was absent, we conclude that the State is immune from the Ihlos' negligence claims regarding the decision to install a warning device.

The State also retains its immunity from the Ihlos' negligent implementation claim. Courts have held that governmental units can be sued for negligent implementation of discretionary decisions to install warning signs. The Beaumont court summed up the distinctions between discretionary acts and their non-discretionary implementation:

> The decision of what device to install, and when to install it, are discretionary functions for which sovereign immunity is retained. Once the discretionary body decides to install a particular traffic signal, however, that decision must be implemented within a reasonable time. *Zambory v. City of Dallas*, 838 S.W.2d 580, 582-83 (Tex. App.—Dallas 1992, writ denied). A policy decision to install a traffic device at a particular time falls within the ambit of sovereign immunity. *Bookman v. Bolt*, 881 S.W.2d 771, 776 (Tex. App.—Dallas 1994, writ denied). On the other hand, the non-discretionary implementation of the policy decision to install a different device is a matter for which immunity has been waived. *See Zambory*, 838 S.W.2d at 582.

*Bederka*, 36 S.W.3d at 271-72. In *Zambory*, the Dallas court reversed a take-nothing summary judgment because the plaintiff had raised a fact issue regarding whether the Dallas city council had approved installation of a warning sign at a dangerous intersection. *Zambory*, 838 S.W.2d at 582-83. The Dallas court later held, however, that the city was immune from suit regarding the absence of a warning light and the failure to install a warning light when the city planned to install the light only upon the completion of a construction project. *Bookman*, 881 S.W.2d at 775-76. We find no

5

pleading or evidence expressly stating that the State here approved installation of a warning sign. Even if we infer that the State adopted the recommendation of a warning light as part of its approval of the redesign of the intersection, the only evidence in the record indicates that the State approved the installation for fiscal year 1998, months after the accident occurred in June 1997. Such a decision by the governmental entity regarding the timing of the installation of a warning sign is protected by immunity. *See Bookman*, 881 S.W.2d at 776. We find no cause of action permitting suit on grounds that the State should have, contrary to its discretionary decision, installed the warning signs before June 1997. The State retains immunity for not choosing to install a warning device sooner.

We overrule both points of error and affirm the judgment.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 14, 2002

Do Not Publish