In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-177 CV


____________________


 

STATE OF TEXAS AND 


TEXAS DEPARTMENT OF TRANSPORTATION, Appellants



V.



GREGORY DAY AND MARLA GAY DAY, INDIVIDUALLY AND


AS LEGAL REPRESENTATIVES OF THE ESTATE OF 


CHRISSY TENNILLE DAY, Appellees






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 20698






OPINION
 

 The State of Texas and the Texas Department of Transportation ("TxDOT") filed
this interlocutory appeal from the trial court's denial of a plea to the jurisdiction. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2002). Plaintiffs, Gregory
Day and Marla Gay Day, individually and as legal representatives of the estate of Chrissy
Tennille Day ("Days"), allege TxDOT's negligence caused an automobile collision. A
vehicle driven by Marla Day was broadsided as she turned off F.M. 1007 onto Highway
96. The Days' daughter, Chrissy Tennille Day, was killed in the accident. Marla Day
was seriously injured. The Days allege that the intersection where the collision occurred
was unreasonably hazardous and was the scene of previous accidents, some fatal, and that
TxDOT had actual notice of the hazardous condition but failed to install traffic lights, four-way traffic control devices or reduce the speed limit. The Days also allege TxDOT failed
to implement policies and standards regarding minimum sight and stopping distances at the
intersection. 

 TxDOT moved to dismiss the Days' claims. TxDOT argues the alleged negligent
acts -- the selection of safety features and traffic control devices, the design of the
roadway, and the determination of the appropriate speed limit -- are all discretionary acts 
for which the State retains immunity from suit under the Texas Tort Claims Act. See Tex.
Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997). 

 Sovereign immunity protects the government from suit unless it consents to be sued. 
See Gonzalez v. Heard, Goggan, Blair & Williams, 923 S.W.2d 764, 765 (Tex. App.--Corpus Christi 1996, writ denied); see also City of Arlington v. Whitaker, 977 S.W.2d
742, 745 (Tex. App.--Fort Worth 1998, pet. denied). The trial court lacks jurisdiction to
consider a claim when sovereign immunity has been retained. See State ex rel. State Dep't
of Highways and Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); see also
County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). The Texas Tort Claims
Act waives sovereign immunity under certain circumstances. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021 (2) (Vernon 1997). The legislature has specifically provided
that immunity is not waived for: (1) the failure of a governmental unit initially to place
a traffic or road sign, signal, or warning device if the failure is a result of a discretionary
action of the governmental unit; (2) the absence, condition, or malfunction of a traffic or
road sign, signal, or warning device unless the absence, condition, or malfunction is not
corrected by the responsible governmental unit within a reasonable period of time after
notice; or (3) the removal or destruction of a traffic or road sign, signal, or warning device
by a third person unless the governmental unit fails to correct the removal or destruction
within a reasonable period of time after actual notice. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.060 (a) (Vernon 1997); see also Gonzalez, 82 S.W.3d at 326. Furthermore,
immunity is not waived if the action for which the State or its agency is sued falls within
the State's discretionary policy functions; and whether an action is a discretionary policy
function is an issue of law for the court. See Tex. Civ. Prac. & Rem. Code Ann. §
101.056 (2) (Vernon 1997); see also State v. San Miguel, 2 S.W.3d 249, 251 (Tex. 1999). 
Decisions relating to highway design and to installation of appropriate safety features are
discretionary policy decisions. See Gonzalez, 82 S.W.3d at 326. 

 This court recently applied these sovereign immunity principles in Texas Dep't of
Transp. v. Bederka, 36 S.W.3d 266 (Tex. App.--Beaumont 2001, no pet.), where TxDOT
allegedly failed to conduct proper traffic studies, failed to erect additional or different
traffic control signals, and failed to remedy a dangerous condition created by existing
traffic control signals or signs. Id. at 269. The plaintiffs in that case contended that their
claims fell within the "unless" clause of section 101.060 (a) (2), because TxDOT failed
to correct the absence, condition, or malfunction of a traffic sign or signal after notice. 
Id. at 270. This court held there was no waiver of sovereign immunity regarding the
decision to install particular traffic signals, regardless of whether TxDOT received notice
of dangerous conditions. Id. at 271. ("The selection of the device employed is not its
condition."). See also Ihlo v. State, 71 S.W.3d 494, 496 (Tex. App.--Austin 2002, no
pet.)(immunity is waived for absence of warning sign only if absence is due to
disappearance of installed sign or failure to install a sign after governing body authorized
its installation.). 

 The petition attempts to impose liability on TxDOT for its failure to place certain
specific traffic control devices and its failure to lower the speed limit, discretionary
decisions for which immunity is not waived under section 101.060 (a)(1). Section
101.060(a)(2) does not apply where there is no claim the sign or signal either (1) was
unable to convey the intended traffic control information or (2) conveyed traffic
information other than what was intended. See Dep't of Transp. v. Garza, 70 S.W.3d 802,
807 (Tex. 2002). And the setting of an appropriate speed limit is also a matter of
governmental discretion for which sovereign immunity has not been waived under the
Texas Tort Claims Act. See id. at 808; see also Bellnoa v. City of Austin, 894 S.W.2d
821, 827 (Tex. App.--Austin 1995, no writ). 

 The Days further argue the trial court has jurisdiction because they allege a
negligent implementation of inviolable sight distance standards. The Days submitted to the
trial judge an expert's report which concluded that TxDOT did not comply with specified
sight distances for the type of intersection in question. The engineer examined the
intersection and relied upon the specifications set out in the publication A Policy on
Geometric Design of Highways and Streets--1990, prepared and published by the American
Association of State Highway and Transportation Officials (AASHTO), which include sight
distance specifications for safe stopping. The engineer's report concludes that neither a
driver stopped at the stop sign on F.M. 1007 nor a driver approaching the intersection on
Highway 96 would have the minimum sight distance required by AASHTO. 

 The AASHTO manual does not create a mandatory duty with regard to the design
of the intersection in question; the manual itself provides that the specifications do not
create absolute, non-discretionary standards. And the evidence presented to the trial judge
shows that the design of this highway was completed in 1975, while the AASHTO manual
carries the date 1990. The State had discretion to design the highway contrary to the
specifications set out in the AASHTO manual, and therefore retains immunity for the
alleged failure to implement the manual's sight distance specifications. See generally State
Dep't of Highways and Pub. Transp. v. King, 808 S.W.2d 465, 466 (Tex. 1991).

 The trial court erred in denying TxDOT's motion to dismiss for want of jurisdiction. 
The ruling of the trial court is reversed, and judgment is rendered dismissing the case for
lack of jurisdiction. 

 REVERSED AND RENDERED.

 PER CURIAM

Submitted on October 30, 2002

Opinion Delivered November 14, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.