The STATE of Texas, Petitioner,

v.

John San MIGUEL, et
al., Respondents.

No. 98–0093.

Supreme Court of Texas.

Aug. 26, 1999.

Rehearing Overruled Nov. 4, 1999.

Susan Desmarais Bonnen, John Cornyn, Jorge Vega, David A. Talbot, Jr., Grady Click, Ronald E. Garner, Andy Taylor, Linda Eads, Austin, for Petitioner.

John T. McDowell, Joe F. Crabb, H. Dan Johnston, Stacy L. Stair, Michael T. Fuerst, Houston, for Respondents.

PER CURIAM.

In this wrongful death case we consider whether the State retained its sovereign immunity for discretionary acts under section 101.056 of the Texas Civil Practices & Remedies Code. The jury returned a verdict against the State. The State moved for judgment notwithstanding the verdict based, in part, on the State's sovereign immunity claim. The trial court denied the State's motion, and rendered judgment on the verdict. On appeal, the court of appeals affirmed the trial court's judgment. We conclude that the state retained its sovereign immunity for discretionary acts. Accordingly, we reverse the court of appeals' judgment and render judgment that the Respondents take nothing.

On February 28, 1989, Jose Trinidad Estrada lost control of his van while driving on an elevated exit ramp of the North Loop East Freeway in Houston. The Texas Department of Transportation (TexDOT) had placed barrels in front of a section of the ramp's missing railing to serve as a temporary warning device. Estrada's van struck the barrels, hurdled over an eighteen inch concrete parapet wall, and fell about sixty feet to the ground. Estrada and two passengers were killed. A third passenger was severely injured.

The families of the three deceased persons (Respondents) sued the State of Texas, alleging both negligent use of tangible personal property and premises liability. The case was submitted to the jury under a general negligence charge. The jury found both the State and Estrada negligent and each 50% responsible for the accident. The jury awarded Respondents $1,183,402.04 in damages, which the trial court reduced to $500,000 under section 101.023 of the Texas Civil Practice and Remedies Code. The State appealed, arguing that it was immune from liability for discretionary acts and that the trial court should have submitted the case under a premises defect charge, not a general negligence charge. The court of appeals affirmed the trial court's judgment. *State v. Miguel*, 981 S.W.2d 342 (Tex.App.—Hous.14th Dist.1998).

Under section 101.056, the State retains its immunity for claims based on its "decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the

governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.056. Whether a governmental activity is discretionary is a question of law. *See, e.g., State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999); *see also Golden Harvest Co. v. City of Dallas,* 942 S.W.2d 682, 687 (Tex.App.—Tyler 1997, pet. denied); *Hur v. City of Mesquite,* 893 S.W.2d 227, 235 (Tex.App.—Amarillo 1995, writ denied). The State preserves its immunity for formulating policy because it is a discretionary act. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 754 (Tex.1995). Decisions about highway design and about what type of safety features to install are discretionary policy decisions. *See Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 463–64 (Tex.App.—Austin 1994, writ denied); *see also Barron v. Texas Dep't of Transp.,* 880 S.W.2d 300, 302 (Tex.App.—Waco 1994, writ denied); *Stanford v. State Dep't of Highways & Pub. Transp.,* 635 S.W.2d 581, 582 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). A court should not second-guess a governmental unit's decision about the type of marker or safety device that is the most appropriate. *See Maxwell,* 880 S.W.2d at 464.

The State contends that the decision to warn of the missing guardrail with barrels and signs is discretionary. We agree. Respondent's allegations are based on the State's *decision to use* barrels, not upon any claim that the State negligently placed the barrels. While the court of appeals recognized that TexDOT's decision to warn rather than repair was a discretionary act for which the State retains immunity, it concluded that the decision to use barrels was non-discretionary implementation of the warning policy. 981 S.W.2d at 349. The court of appeals reasoned that because TexDOT engineers did not tell the maintenance crew which specific warning devices they should install, the crew was merely implementing the engineer's warning policy by choosing barrels and signs. 981 S.W.2d at 349–50. However, TexDOT policy guided the crew's decision to use barrels and signs. The barrel and sign warning system the crew chose complied with TexDOT's Manual on Uniform Traffic Control Devices. Thus, the decision to use barrels and signs, as opposed to another warning device, was discretionary. *See Maxwell,* 880 S.W.2d at 464.

Because the barrel warning system was a discretionary act, the State is entitled to sovereign immunity. Because this conclusion disposes of the appeal, we need not reach the State's issue about improper charge submission. Accordingly, without hearing oral argument, the Court grants the State's petition for review, reverses the trial court's judgment, and renders judgment that the Respondents take nothing. *See* TEX. R. APP. P. 59.1.