**REVERSE and RENDER in part; and REMAND in part and Opinion Filed August 1, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01038-CV

**DALLAS COUNTY, Appellant**
**V.**
**JOSE GARCIA, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13122**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Dallas County appeals the trial court's denial of its plea to the jurisdiction. In a single issue, the County argues the trial court erred in denying its plea to the jurisdiction because there is no waiver of governmental immunity for claims arising from the County's discretionary decision to use vehicles equipped with only certain types of restraints. We reverse the trial court's order, render judgment dismissing Jose Garcia's claims regarding the County's use of restraints, and remand for further proceedings.

In September 2017, Jose Garcia filed his original petition asserting negligence claims against the County. The petition alleged that, on October 9, 2015, Garcia was "being transported by Dallas County, specifically the Sheriff's Department." Garcia alleged the County "did not secure him or otherwise restrain him," and "Defendant's erratic driving caused [Garcia] to be

thrown about the back of the vehicle and break a vertebrae in his neck." Garcia alleged the County was "negligent in failing to restrain [Garcia] and operate the transport vehicle in a reasonably prudent manner."

The County filed an original answer and plea to the jurisdiction asserting governmental immunity from suit and/or liability prevailed over Garcia's claims, and such governmental immunity had not been waived. The County subsequently filed a supplemental answer asserting it was not liable for the actions of its employees taken in response to a sudden emergency, and its immunity from suit and liability had not been waived for its discretionary actions or decisions. The County also filed a supplement to its plea to the jurisdiction in which it argued the trial court had no jurisdiction over Garcia's claims "regarding the nonuse of seatbelts in the vehicle which was used to transport [Garcia], because Dallas County retains governmental immunity for any claims arising from discretionary acts," including the decision not to equip a van with seatbelts for persons riding in the back of the van.

The supplement further developed the facts: Garcia was an inmate at the County jail on October 10, 2015, and he was being transported from Parkland Hospital by a deputy and three officers in a van owned by the County. Garcia was handcuffed and placed in the rear of the van. The rear portion of the van was not equipped with seat belts, "though it did feature a strap on the seat in the compartment in which [Garcia] had been placed that inmates may hold onto while the van is in motion." The van was travelling along Continental Avenue on the way back to the jail, and a pickup truck was travelling in the same direction in the right lane. Deputy Ian Myers had previously noticed the pickup driving erratically, so Myers stayed under the posted speed limit of 35 to avoid passing the pickup. "Without warning," the pickup suddenly moved across the lane occupied by the County's van and made a u-turn through the median, which was then under construction. The supplement stated Garcia "alleges that the sudden stop caused him to be thrown

about the back of the van and suffer injuries." When the van arrived at the jail, a nurse saw Garcia and advised taking him back to Parkland. The supplement reiterated that the waiver of governmental immunity in the Texas Tort Claim Act does not apply to a claim that is based on the failure of a governmental entity to perform an act if the law leaves the performance of the act to the discretion of the governmental entity. The County argued the decision whether to install safety features in the van was discretionary, and the County's governmental immunity was therefore not waived. The County requested the trial court grant its plea to the jurisdiction and dismiss Garcia's claims "regarding the methods by which Dallas County restrained [Garcia] at the time of the incident that is the basis of [Garcia's] claims." Following a hearing, the trial court denied the County's plea to the jurisdiction. This appeal followed.

In a single issue, the County argues the trial court erred in denying its plea to the jurisdiction because there is no waiver of governmental immunity for claims arising from the County's discretionary decision to use vehicles equipped with only certain types of restraints. In its brief, the County makes clear "only the allegations made by Garcia related to the failure to restrain Garcia are before this Court."

"Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 663 (Tex. 2019) (quoting *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011)). The County is therefore generally immune from suit and liability absent a waiver of its immunity. *See id.*

The Texas Tort Claims Act creates a limited waiver of immunity. TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109. The Act waives sovereign and governmental immunity, subject to restrictions, in the following three areas: "use of publicly owned automobiles, premises defects,

–3–

and injuries arising out of conditions or use of property." *Johnson*, 572 S.W.3d at 664 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)).

An assertion of governmental immunity implicates the trial court's jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012). Thus, immunity is properly asserted in a plea to the jurisdiction. *Johnson*, 572 S.W.3d at 664 (citing *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). Parties may submit evidence at the plea-to-the-jurisdiction stage, and the trial court's review generally mirrors the summary judgment standard. *Johnson*, 572 S.W.3d at 664 (citing *Sampson v. Univ. of Tex.*, 500 S.W.3d 380, 384 (Tex. 2016)). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Johnson*, 572 S.W.3d at 664 (quoting *Miranda*, 133 S.W.3d at 227–28). The trial court's ruling on the plea is reviewed de novo on appeal. *Id.*

The outcome of this appeal turns on section 101.056 of the Tort Claims Act, often referred to as the discretionary function exception. Section 101.056 provides:

> [The Tort Claims Act] does not apply to a claim based on:
>
> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.056. Section 101.056 preserves immunity "for the state's failure to act, when no particular action is required by law." *Johnson*, 572 S.W.3d at 665 (quoting *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007)). The exception

"avoid[s] judicial review or interference with those policy decisions committed to the other branches of government." *Id.* (quoting *Flynn*, 228 S.W.3d at 657)).

In *Johnson*, the court discussed *State v. San Miguel*, 2 S.W.3d 249, 250 (Tex. 1999), a case involving a car accident on an elevated freeway ramp in Houston. Part of the guard railing was missing on the exit ramp, and the Texas Department of Transportation placed barrels in front of the missing railing to warn drivers of the danger. *San Miguel*, 2 S.W.3d at 250. A driver lost control of his vehicle, drove through the barrels, and fell to the ground. *Id.* The supreme court held that the State retained its immunity because "[d]ecisions about highway design and about what type of safety features to install are discretionary policy decisions." *Id.* at 251. Additionally, the court noted that "[a] court should not second-guess a governmental unit's decision about the type of marker or safety device that is the most appropriate." *Id.* Further, in *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002), the supreme court held that the Department of Transportation was immune from a suit alleging a dangerous highway median because "the median's slope and the lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary-function exception."

Similarly, here the County's decision about what type of safety device to put in its vans was a discretionary decision for which the County retains immunity. *Johnson*, 572 S.W.3d at 665–68 (Water District's decision to grade riverbed to certain depth was discretionary decision for which immunity was not waived); *San Miguel*, 2 S.W.3d at 251; *Ramirez*, 74 S.W.3d at 867; *see also Smith v. Galveston Cty.*, 326 S.W.3d 695, 700 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (decisions regarding installation of safety features are discretionary determinations for which governmental unit is immune).

Accordingly, we conclude the trial court erred in denying the County's plea to the jurisdiction on Garcia's claims involving restraints. *See Johnson*, 572 S.W.3d at 664. We sustain the County's sole issue.

We reverse the trial court's order, render judgment granting the County's plea to the jurisdiction and dismissing Jose Garcia's claims regarding the County's use of restraints, and remand for further proceedings on Garcia's remaining claims.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

181038F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY, Appellant

No. 05-18-01038-CV     V.

JOSE GARCIA, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-13122.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Dallas County's plea to the jurisdiction regarding the use of restraints is **GRANTED**, and Jose Garcia's claims regarding the use of restraints are dismissed for want of subject matter jurisdiction.

Jose Garcia's remaining claims are **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Dallas County recover its costs of this appeal from appellee Jose Garcia.

Judgment entered August 1, 2019.