

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00881-CV

The **CITY OF SAN ANTONIO**,
Appellant

v.

Elena **HERRERA**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-10253
Honorable Antonia Arteaga, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Luz Elena D. Chapa, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: August 21, 2019

REVERSED AND RENDERED

The City of San Antonio appeals the trial court's order denying its plea to the jurisdiction, asserting it has governmental immunity from the suit filed against it by Elena Herrera. We reverse the trial court's order and render judgment dismissing Herrera's suit for lack of jurisdiction.

### BACKGROUND

Elena Herrera sued the City for damages she suffered as a result of a fall in a City owned and operated parking garage. Herrera's petition alleged that in January 2016, she "was exiting an elevator and fell as a result of the unreasonably dangerous condition created by the curb and ramp

leading to the parking area." She alleged the City negligently created the dangerous condition, allowed it to exist, and failed to warn about the condition. The City answered, pleading, among other things, governmental immunity and the defenses and immunities to which it is entitled under Chapter 101 of the Texas Civil Practice and Remedies code (The Texas Tort Claims Act).

More than a year later, the City filed its plea to the jurisdiction, alleging Herrera failed to plead a valid waiver of governmental immunity and that her premises liability claim, as articulated in her petition and discovery responses, arose out of the City's exercise of its discretionary powers, for which the City retains its immunity pursuant to section 101.056 of the Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.056. Herrera filed an amended petition, in which she alleged the City's immunity from her premises liability claim is waived by section 101.021 of the Act. *See id.* § 101.021. She also filed a response to the City's plea, attaching evidence. After a hearing, the trial court signed an order denying the plea to the jurisdiction, and the City filed this interlocutory appeal. *See id.* § 51.014(a)(8).

## STANDARD OF REVIEW

Immunity from suit defeats a trial court's subject matter jurisdiction and is properly raised in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether the trial court has jurisdiction over a case is a question of law we review de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *Id.*; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When the plea to the jurisdiction challenges the sufficiency of the pleadings, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *Id.* When the plea to the jurisdiction challenges the existence of

jurisdictional facts that are not intertwined with the merits of the case, we decide the jurisdictional issue as a matter of law if the jurisdictional facts are undisputed. *Worsdale v. City of Killeen*, No. 18-0329, 2019 WL 2479177, at *6 (Tex. June 14, 2019); *City of San Antonio v. Rocha*, No. 04-18-00367-CV, 2018 WL 6517169, at *2 (Tex. App.—San Antonio Dec. 12, 2018, no pet.) (mem. op.). If those facts are disputed, we defer to the trial court's express or implied factual determinations that are supported by sufficient evidence. *Id.*

### GOVERNMENTAL IMMUNITY

Under the common law, the City is immune from suit and liability for damages arising from the performance of its governmental functions unless that immunity is waived by the legislature. *Id.* at *3. Because the City's operation of a parking garage is a governmental function, the City is generally immune from a suit arising from its operation of the garage. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(25). In the Texas Tort Claims Act, the legislature waived that immunity for certain premise defect claims. *See id.* §§ 101.021(2), 101.022(a), 101.025. However, the legislature excepted from the waiver and preserved immunity for claims based on the governmental unit's discretionary functions. *See Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 662 (Tex. 2019); TEX. CIV. PRAC. & REM. CODE § 101.056. Section 101.056 provides:

> [The Tort Claims Act] does not apply to a claim based on:
>
> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.056. The touchstone of the exception is discretion. *Johnson*, 572 S.W.3d at 667-68. "The exception 'avoid[s] judicial review or interference with those policy decisions committed to the other branches of government.'" *Id.* at 665 (quoting *Stephen F. Austin*

*State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007)). It also "preserves immunity . . . for the state's failure to act when no particular action is required by law." *Id.* "Thus, if the State's action is discretionary, it does not waive immunity." *State v. Rodriguez*, 985 S.W.2d 83, 85 (1999). "An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment." *Id.* Whether a governmental activity is discretionary is a question of law. *State v. San Miguel*, 2 S.W.3d 249, 251 (Tex. 1999).

## DISCUSSION

The relevant factual allegations in Herrera's amended petition, filed after the City filed its plea to the jurisdiction are:

> Plaintiff, while upon Defendant's premises, suffered serious and permanent bodily injuries as a direct result of a fall proximately caused by the dangerous condition created by Defendant's unreasonably dangerous curb at the Houston Street Garage which Defendant and their agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed. Specifically, Plaintiff was exiting an elevator and fell as a result of the unreasonably dangerous condition created by the curb and ramp leading to the parking area where her vehicle was parked.

Herrera also alleged the City created the condition, knew of its existence, and failed to warn of the condition. She asserted the City's immunity is waived by section 101.021 of the Act.

Herrera's amended petition does not provide sufficient facts to ascertain the nature of the alleged unreasonably dangerous condition or to determine whether the acts or failures to act that form the basis of her complaint were discretionary and fall within the section 101.056 exception to the waiver of immunity. We therefore examine the arguments and evidence presented by the parties relevant to the jurisdictional facts. *See City of Elsa*, 325 S.W.3d at 625.

The evidence submitted to the trial court with the plea and response establish that the elevator bank in the City parking garage sits on a landing that is higher than the floor of the garage. There is a ramp in the middle of the landing that has a gradual slope leading down to the floor.

The ramp has sloped flares extending out from either side. The curb of the landing, the ramp, and the flares are all painted yellow. The City's discovery responses stated these elements of the garage have "always been painted a bright, highly visible yellow color," and that City maintenance crews had painted it the same way once or twice a year for at least the last twelve years.

Herrera has consistently described the basis of her complaint as being the fact that "the yellow paint at the edge of the curb is the same color as the ramp and flares." According to Herrera, when she exited the elevator, the "the ramp, including the flares, appears flush with the raised platform at the curb, giving the impression that a patron can step off the curb anywhere along the ramp or flares without an unsloped drop in height." Herrera testified in her deposition that when she stepped from the landing onto the flare, she thought she was stepping onto the ramp and did not realize there was a step down from the curb. She alleges this caused her to fall and injure her ankles. Herrera contends the unreasonably dangerous condition is the lack of visual contrast between the curb and the flares and the absence of any warning of the step down. Herrera testified she does not contend there was any foreign substance on the ground, that her fall was caused by a defect in the actual structure of the ramp/flares, such as a chip or crack, or that the lighting in the garage was insufficient.

An architect's report Herrera submitted in response to the plea states that painting the curb, ramp, and flares the same color provides "little to no visual contrast between the curb edge and the ramp flares" and creates a hazard. The report recommends that only the ramp be painted; however, it also notes that the currently applicable 2010 ADA Standards and the 2012 Texas Accessibility Standards do not require any part of the ramp or flares to be painted and do not require contrast between the ramp or curb and the flares. The standards also do not prohibit painting the curb edge, ramp, and flares the same color. *See* DEP'T OF JUSTICE, 2010 ADA STANDARDS FOR ACCESSIBLE

DESIGN (2010)[1]; *2012 Texas Accessibility Standards* part 406 (2012) (Tex. Dep't of Licensing and Regulation)[2]; 16 TEX. ADMIN. CODE § 68.100 (2019) (Tex. Dep't of Licensing and Regulation, Tech. Standards & Tech. Memoranda) (adopting 2012 Texas Accessibility Standards pursuant to Chapter 469 of the Texas Government Code, Elimination of Architectural Barriers.). Herrera has not alleged or argued that a visual contrast between the curb and the flares or any type of signage is required by law.

For the purpose of this appeal, we assume, without deciding, that Herrera has alleged a premise defect claim within the scope of section 101.021(2) of the Tort Claims Act. The issue before us is whether the City's failure to provide visible contrast between the curb and flares or to warn about the alleged hazard in the garage falls within the discretionary function exception to the waiver of governmental immunity.

"[D]ecisions about installing safety features are discretionary decisions for which the State may not be sued." *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *see id.* (holding State immune from suit arising from failure to install barriers or guardrails in highway median); *San Miguel*, 2 S.W.3d at 251 (holding State immune from suit alleging use of barrels to warn of missing guardrail on elevated highway exit ramp was inappropriate and unsafe). Where a particular safety device or feature is not required by law, the governmental unit's decision whether to use it is discretionary. *See id.*; TEX. CIV. PRAC. & REM. CODE § 101.056(1).

Yellow paint on elements of a walkway is a common safety feature used to provide visual cues of an elevation change. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007) ("yellow stripping . . . is a common method used to indicate a change in elevation"); *Castillo v. Westwood Furniture, Inc.*, 25 S.W.3d 858, 859 (Tex. App.—Houston [14th Dist.] 2000, no pet.)

---

[1] Available at https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm.
[2] Available at  https://www.tdlr.texas.gov/ab/abtas.htm.

(yellow paint used "to warn customers of the entrance ramp and its change in elevation"). In the Houston Street garage, the City paints the entire ramp/flare structure and the curb bright yellow, indicating a rise in elevation from the floor of the garage. The City's use of the yellow paint as a safety feature is an exercise of its discretionary power this court should not second guess. *See San Miguel*, 2 S.W.3d at 251. And the City was not required by law to provide further contrast between the curb and the flares.

Herrera's claim is similar to that in *University of Texas Health Science Center v. Bruen*, where the plaintiff sued after she fell off an unprotected edge of an auditorium ramp. 92 S.W.3d 24 (Tex. App.—San Antonio 2002, pet. denied). She alleged the ramp was unreasonably dangerous because it sloped downward and there was no color differentiation between the carpet on the ramp and the carpet covering the rest of the room. *Id.* at 26-27. She complained of the design of the ramp and undifferentiated color scheme, the failure to install a railing or other safety device, and the failure to warn of the condition. *Id.* at 27. This court held Bruen's claim arose from the State's discretionary acts and immunity had not been waived under the Tort Claims Act. *Id.* Similarly, in *City of Austin v. Silverman*, the plaintiff complained about the design of a curb and sidewalk and the lack of lighting, warning signs, or yellow paint to indicate drop off. No. 03-06-00676-CV, 2009 WL 1423956, at *3 (Tex. App.—Austin 2009, pet. denied). The court of appeals held the claims "related solely to City's decision about whether to install safety features" and City retained immunity for those discretionary decisions. *Id.*

Herrera responds there is no evidence about the original design of the garage, when the ramp was installed, or of any policy decision to paint the curb, ramp, and flares yellow, and she contends that immunity therefore was not established as a matter of law. However, a governmental unit is not required to produce evidence that it "formally decided on whether and what safety features to install." *City of Mission v. Cantu*, 89 S.W.3d 795, 810-11 (Tex. App.—Corpus Christi

2002, no pet.). The issue "is not whether the governmental unit 'formally' exercised its discretionary power but rather whether the function in question was one which was within the scope of the governmental [unit's] discretionary power, that is, not mandatory by law." *Id.* "[T]he City had no duty to bring forth evidence that a 'conscious exercise' of discretion was made in order for the discretionary function exception to be applicable." *Silverman*, 2009 WL 1423956, at \*3. There is also no requirement the City maintain its public facilities exactly as they were originally designed or constructed. *Johnson*, 572 S.W.3d at 669. Rather, the question is whether the law mandates a particular color configuration or contrast between the curb and the flares. Because it does not, the City's painting of the curb, ramp, and flares all bright yellow to highlight visibility, as it has "always" done, is an exercise of its discretionary power to determine whether and what type of safety features to use in the garage. *See San Miguel*, 2 S.W.3d at 251.

Nevertheless, Herrera insists that the City's immunity is waived because the painting of the ramp, flares, curb yearly is an operational level maintenance activity that does not require exercising judgment or the formulation of policy.[3] However, Herrera's claim is not based upon any contention that City maintenance crews negligently carried out their painting duties by, for example, using the wrong paint or painting the area in front of the elevators at a high traffic time without warning of wet paint. *See, e.g. Flynn*, 228 S.W.3d at 657-58 (holding decision to activate sprinkler and direct water to spray over trail during peak periods of public use did not fall within

---

[3] In *Johnson*, the Texas Supreme Court cautioned against strict adherence to "tests" developed in prior caselaw that distinguished between policy or design decisions, which had been held to come within section 101.056, and maintenance or operational decisions, for which the exception to the waiver of immunity had been held not to apply. 572 S.W.3d at 665-68. While the tests may be useful, application of section 101.056 must be "grounded in the statute's focus on preservation of the government's discretionary decision-making authority." *Id.* at 666. Thus, "while the 'design versus maintenance' dichotomy is a useful way to think about how section 101.056 operates with respect to public works, it is not an element of the statute. Narrow consideration of whether the claim involves a design function or a maintenance function must not completely displace consideration of the statute's textual touchstone: 'discretion.' Otherwise, judicial review or interference with those policy decisions committed to the other branches of government would be allowed whenever the policy decisions concern maintenance of a public work. Section 101.056 does not permit that result." *Id.* at 667-68.

the discretionary powers exception). Nor does Herrera complain the ramp, flares, or curb were chipped, eroded, or otherwise poorly maintained so as to create a dangerous condition that caused her to fall. *Compare Silverman*, 2009 WL 1423956, at \*3 (where plaintiff did not assert curb, stairs, or sidewalk were poorly maintained, eroded, or chipped, and claims related solely to their design and to decisions about whether to install safety features such as lighting, a railing, or yellow paint, City retained immunity pursuant to section 101.056.), *with Univ. of Texas at San Antonio v. Trevino*, 153 S.W.3d 58, 62-63 (Tex. App.—San Antonio 2002, no pet.) (holding University not immune from suit alleging child fell through railings on the side of bleachers where there was evidence the railings were loose from wear and tear and suit alleged University failed to maintain bleachers in safe condition; conduct creating the dangerous condition arose from nondiscretionary maintenance activities).

The essence of Herrera's claim is that the City's use of a safety feature in its garage—yellow paint on the ramp, flares, and curb at an elevator landing—and its failure to add some other type of safety feature, such as contrasting colors for the curb and flares or a warning, created a dangerous condition. Because the City is not required by law to create contrast between the curb and flares, the City's decisions about what safety features to use and whether to provide additional warnings are discretionary ones, for which governmental immunity is retained as a matter of law pursuant to section 101.056. *See Ramirez*, 74 S.W.3d at 867; *San Miguel*, 2 S.W.3d at 251; *Bruen*, 92 S.W.3d at 2-27.

Herrera requests we remand to allow her an opportunity to cure any pleading defect. However, Herrera had the opportunity to, and did, amend her pleading after the plea to the jurisdiction was filed. *See Miranda*, 133 S.W.3d at 231. Further, we do not decide the case on the basis of a pleading defect. The pleadings, together with the evidence, affirmatively show that Herrera's factual complaints concern discretionary functions for which the City retains immunity

from suit under section 101.056, and Herrera could not amend her pleadings to invoke the trial court's jurisdiction. *See Ramirez*, 74 S.W.3d at 867-68. We therefore reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Herrera's claims for lack of jurisdiction.

Luz Elena D. Chapa, Justice