**Opinion issued April 8, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00411-CV

_____

## HARRIS COUNTY SHERIFF ED GONZALEZ, Appellant

## V.

## HARRIS COUNTY SHERIFF'S CIVIL SERVICE COMMISSION, COMMISSIONER MELANIE MILES BAZIL, COMMISSIONER LINDA BELL-ROBINSON, AND COMMISSIONER JAY R. ALDIS, Appellees

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-04612**

---

## MEMORANDUM OPINION

This appeal arises from an employment dispute. The Harris County Sheriff's Office ("HCSO") terminated an employee who did not return to work after exhausting his family and medical leave. The employee appealed his termination to

the Harris County Sheriff's Civil Service Commission, which reinstated his employment with backpay. Alleging that the Commission had no authority to consider the employee's appeal and violated the Texas Open Meetings Act ("TOMA") by deliberating in a closed session, Harris County Sheriff Ed Gonzalez sought mandamus and injunctive relief from the Commission's reinstatement order in district court. The Commission filed a plea to the jurisdiction asserting that governmental immunity deprived the district court of subject-matter jurisdiction over the Sheriff's claims, which the district court granted.

On appeal, the Sheriff contends the district court erred by dismissing his claims for want of jurisdiction because (1) TOMA contains an express waiver of governmental immunity and (2) the Commissioners acted ultra vires. Because we conclude the Sheriff's petition alleged sufficient jurisdictional facts to establish the district court's jurisdiction over the Sheriff's TOMA claims but not an ultra vires act, we reverse the district court's judgment as to the TOMA claims, remand those claims for further proceedings, and affirm the remainder of the judgment.

## I.     Background

### A.     The petition and allegations

The Sheriff alleges that his office administratively dismissed human-resources manager William Perry in May 2021 because Perry failed to return to work after exhausting his benefits under the Family and Medical Leave Act

2

("FMLA"). *See* 29 U.S.C. §§ 2601–54. The letter informing Perry of his dismissal states:

> You have exhausted all of your paid benefits and FMLA benefits. You were told to return to work on May 6, 2021. You did not report to duty nor contact your supervisor. Based on your failure to report to work and failure to inform your supervisor you would not be reporting to work, . . . the [HCSO] has processed a resignation for you.

Perry appealed his termination to the Commission, which consists of appointed commissioners who adopt and enforce rules for layoffs, dismissals, and disciplinary actions against employees, like Perry, in the classified service of the HSCO. *See* TEX. LOC. GOV'T CODE §§ 158.034–.035. The rules adopted by the Commission—the HCSO Civil Service Regulations ("HCSR")—include rules for disciplinary action appeals. Relevant here, HCSR Rule 12.04 permits an employee to appeal the Sheriff's disciplinary action to the Commission for a hearing and final decision.

Three commissioners were set to hear Perry's appeal in December 2021. But before the hearing began, the Sheriff objected that the Commission lacked jurisdiction to decide Perry's appeal because appeals from an administrative dismissal related to FMLA and leave of absence policies are prohibited. In support, the Sheriff pointed to the appeals exception in HCSR Rule 12.05(c), which provides that employees "may not use this rule to appeal administrative dismissals pertaining to FMLA and leave of absence policies that are in compliance with Harris County

Personnel Regulations." According to the Sheriff, the Commission heard the parties' jurisdictional arguments, retreated to a closed executive session to deliberate its jurisdiction, returned to an open session, and then verbally denied the Sheriff's jurisdictional objection in a 2-1 vote.

A little more than a year later, Commissioners Melanie Miles Bazil, Linda Bell-Robinson, and Jay R. Aldis presided over a second hearing. The Sheriff again moved to dismiss the appeal, but the Commission proceeded with a hearing on the merits. The Commissioners voted 2-1 to overturn the Sheriff's administrative dismissal, and Perry was reinstated with back pay. The reinstatement order recites the Commission's finding that "Perry's administrative termination was based on Section 300: Policy #303, I., Subsection(s) D., 29 of the Department Policies."[1]

The Sheriff sought mandamus and injunctive relief from the Commission's reinstatement order in district court. The Sheriff asked the district court to issue a writ of mandamus compelling the Commission to revoke its reinstatement order, or enjoin enforcement of the reinstatement order, because the Commission "lacked authority to hear the appeal of the administrative dismissal of Perry." The Sheriff

---

[1] The Sheriff alleges that the Commission's finding is arbitrary, unreasonable, and incorrect because "there is no such policy provision." We note the record contains a document on HCSO letterhead, entitled "Department Policy." It references prohibited conduct under "Policy # 303" and, in subsection I.D.29, provides: "No HCSO employee shall be charged with, indicted in, convicted of, or willfully violate any federal statute, state law, or local ordinance except minor traffic offenses."

4

alleged that Section 158.035 of the Local Government Code—regarding civil service commission powers—requires the Commission to enforce the rules it adopts. *See* TEX. LOC. GOV'T CODE § 158.035(a) ("The commission shall adopt, publish, and *enforce* rules regarding . . . (4) layoffs and dismissals; (5) disciplinary actions; . . . and (8) other matters relating to . . . the procedural and substantive rights, advancement, benefits, and working conditions of employees." (emphasis added)). The Sheriff asserted that, absent evidence that FMLA policies were not in compliance with the Harris County Personnel Regulations, the Commission had a ministerial duty under the Rule-12.05(c) exception to dismiss Perry's appeal. In refusing to do so, the Sheriff said, the Commissioners acted without legal authority. The Sheriff asserted in the alternative that the reinstatement order was unreasonable, arbitrary, and not supported by any evidence.

The Sheriff also pleaded for mandamus and injunctive relief from the Commission's "closed session meeting to consider Perry's appeal." The Sheriff alleged that the Commission "is a body subject to TOMA," and thus "must meet and deliberate openly except as authorized by TOMA." Recognizing that TOMA provides a limited exception for closed sessions for certain personnel matters, *see* TEX. GOV'T CODE § 551.074(a)(1), the Sheriff alleged that the exception did not apply because the Commission "entered a closed session to deliberate on the exercise of jurisdiction" over Perry's appeal.

5

**B.  The plea to the jurisdiction and dismissal**

The Commission answered the lawsuit and filed a plea to the jurisdiction seeking dismissal of the Sheriff's claims based on governmental immunity.  The Commission argued that the Rule-12.05(c) exception required the exercise of some discretion in deciding whether an administrative dismissal complied with personnel regulations.  And if the Commission acted within its discretion, the Sheriff's pleadings did not establish a waiver of governmental immunity based on an ultra vires act exceeding the Commission's statutorily conferred powers or any failure to perform a ministerial duty.  The Commission made no argument in response to the Sheriff's request for mandamus and injunctive relief from the alleged TOMA violation.

Perry, as the real party in interest, filed a response in support of the Commission's jurisdictional plea.  Perry also argued that the Sheriff's TOMA claim lacked merit because the issue of the Commission's jurisdiction over Perry's appeal could not be divorced from the termination of his employment and, thus, the Commission was permitted to deliberate its jurisdiction in a closed session.

The trial court conducted an oral hearing on the Commission's plea to the jurisdiction.  At the hearing, the Commission argued for the first time that the trial court lacked jurisdiction over the Sheriff's TOMA claim, "per the petition," because the closed session deliberations were authorized under the exception to the

6

open-meetings requirement for personnel matters. Without specifying its reasons, the trial court granted the Commission's plea to the jurisdiction and dismissed all the Sheriff's claims.

## II.    Standard of Review

"Local governmental entities enjoy governmental immunity from suit, unless immunity is expressly waived." *Lubbock Cnty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (quotation omitted). Generally, immunity "implicates a court's subject-matter jurisdiction over pending claims." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Thus, it "is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). As subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016).

A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has alleged facts that affirmatively show jurisdiction. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally, taking them as true, and we consider the plaintiff's intent. *Id.* Only if the pleadings

7

affirmatively negate jurisdiction should the plea to the jurisdiction be granted without affording the plaintiff an opportunity to replead. *Id.* at 226–27.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue. *Id.* For this type of challenge, our review mirrors that of a traditional summary-judgment motion. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). We review all the evidence "in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Maspero*, 640 S.W.3d at 528–29. If "the pleadings and evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper," and the fact issue must be resolved by the factfinder at trial. *Maspero*, 640 S.W.3d at 529; *see also Miranda*, 133 S.W.3d at 227–28. But "if the evidence is undisputed or fails to raise a fact question, the plea must be granted." *Maspero*, 640 S.W.3d at 529 (quotation omitted); *see also Miranda*, 133 S.W.3d at 228.

### III.    Governmental Immunity

In two issues, the Sheriff challenges the trial court's dismissal of his claims for mandamus and injunctive relief based on an alleged violation of TOMA and ultra vires acts for want of jurisdiction.

8

**A.    TOMA's express waiver of governmental immunity**

The Sheriff requested a writ of mandamus voiding the Commission's order reinstating Perry's employment or, alternatively, an injunction prohibiting enforcement of the reinstatement order based on an alleged TOMA violation.  In his first issue, the Sheriff argues that the district court erred by dismissing these claims because the Commission's written plea did not challenge the district court's jurisdiction to grant relief under TOMA.  The Sheriff further argues that even if the Commission had properly challenged the TOMA claim, the district court still erred because his claims fall within TOMA's waiver of governmental immunity for "an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of [TOMA] by members of a governmental body."  TEX. GOV'T CODE § 551.142(a).

> **1.    The Commission challenged the TOMA claims only on the face of the pleadings**

At the outset, we disagree with the Sheriff's argument that the district court could not consider its jurisdiction over the TOMA claims.  While the Sheriff correctly asserts that the Commission did not challenge the district court's jurisdiction to grant relief under TOMA in its written plea, the Commission did so at the hearing on its plea.  The Commission argued at the hearing that the Sheriff's petition, "on its face," did not allege a claim for which governmental immunity is waived because a "closed session to talk about jurisdiction on [Perry's] appeal" fell

9

within an exception to TOMA's open-meeting requirement. The Commission did not offer any evidentiary support for its argument that a TOMA exception applied or challenge the existence of the jurisdictional facts alleged by the Sheriff. Rather, it asked the district court to resolve the TOMA claims on the "face" of the pleadings only.[2] *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (plea to the jurisdiction may take two forms: (1) challenge to plaintiff's pleading of jurisdictional facts or (2) evidentiary challenge to existence of jurisdictional facts).

Because the Sheriff's argument implicated subject-matter jurisdiction, which is never presumed and cannot be waived, the district court was obliged to consider the Commission's argument, even if it was made for the first time at the hearing. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (subject-matter jurisdiction is threshold inquiry that can be addressed by court sua sponte and at any time); *see also Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 20–21 (Tex. 2024) ("[A]n appellate court's review of a plea to the jurisdiction is not limited to the grounds set forth in the governmental unit's plea in the trial court."); *Holcomb*

---

[2] The Commission argues that the district court could have dismissed the TOMA claim on the merits—rather than for jurisdictional reasons—because Perry asserted the TOMA claim was "without merit or legal basis" in his response to the Commission's plea to the jurisdiction. The record does not support that argument. The appealed-from order expressly grants only the Commission's plea to the jurisdiction, which did not challenge the existence of jurisdictional facts. It does not grant any relief requested by Perry.

*v. Waller Cnty.*, 546 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("A court must assure itself that there is jurisdiction to hear a suit.").

### 2. Construed liberally, the Sheriff's pleading alleges sufficient jurisdictional facts for the TOMA claim

The Commission's jurisdictional challenge to the TOMA claims at the hearing was on the pleadings only. For a pleadings-only challenge, we construe the petition liberally, accept the factual allegations as true, and decide whether the plaintiff alleged sufficient jurisdictional facts to show the district court's subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 226. Considering that TOMA unambiguously waives immunity for suits seeking mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation" of the Act, *see* TEX. GOV'T CODE § 551.142(a)), the question is whether the Sheriff's petition alleged a TOMA violation. *See Gillium v. Santa Fe Indep. Sch. Dist.*, No. 01-10-00351-CV, 2011 WL 1938476, at *1 (Tex. App.—Houston [1st Dist.] May 12, 2011, no pet.) (mem. op.); *see also Town of Shady Shores*, 590 S.W.3d at 554 (recognizing Section 551.142(a)'s waiver of immunity).

TOMA is intended to provide public access to and increase public knowledge of government decision making. *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 759 (Tex. App.—Austin 2012, no pet.). Under TOMA, "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE § 551.002. But there

are several exceptions. *See, e.g.*, *id.* §§ 551.071–.091. Relevant here, in Section 551.074(a)(1), TOMA permits a governmental body to conduct closed meetings "to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal" of an employee unless the employee requests a public hearing. *Id.* § 551.074(a)(1).

The Sheriff's petition seeking mandamus and injunctive relief alleges that the Commission is a governmental body that violated TOMA's mandate to "deliberate openly" by discussing its own appellate jurisdiction behind closed doors. Although the Sheriff recognizes TOMA's "limited exception for certain personnel matters to be conducted in an 'executive' or closed meeting," the Sheriff alleges in its petition that the exception does not apply because the Commission's closed session concerned its "exercise of jurisdiction over [Perry's] appeal" and not "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee." *Id.* That is, the Sheriff alleges that matters covered by Section 551.074(a)(1)'s exception were not discussed in the closed session. Although the Commission makes a contrary assertion that no TOMA violation occurred because it discussed Section 551.074(a)(1) matters in the closed session, we must take the Sheriff's allegations as true in this pleadings-only challenge. *See Heckman*, 369 S.W.3d at 150. Construing the petition liberally in the Sheriff's favor and accepting his allegations as true, we conclude the petition sufficiently alleges a

12

TOMA violation. *See Miranda*, 133 S.W.3d at 226; *Gillium*, 2011 WL 1938476, at *7 (holding trial court erred by dismissing TOMA claim when pleading alleged a TOMA violation).

Still, the Commission argues that its public vote to consider Perry's appeal cured any TOMA violation. And it cites two cases for the proposition that issues slated for a vote may be deliberated in a closed session so long as the final vote is taken in an open meeting. *See Bd. of Trs. of Austin Indep. Sch. Dist. v. Cox Enters., Inc.*, 679 S.W.2d 86, 89 (Tex. App.—Texarkana 1984), *rev'd in part on other grounds*, 706 S.W.2d 956 (Tex. 1986); *Thompson v. City of Austin*, 979 S.W.2d 676, 685 (Tex. App.—Austin 1998, no pet.). But these cases support the Commission's proposition only when the deliberations in a closed session are permitted by TOMA. *See Cox Enters.*, 679 S.W.2d at 89 (citing language of TEX. CIV. STAT. art. 6252-17, § 2(l) (repealed) (current version at TEX. GOV'T CODE § 551.102)); *Thompson*, 979 S.W.2d at 685 (holding government's deliberations in closed meeting were proper under section 551.074 and that no final vote in violation of section 551.102 occurred during closed session).

The Sheriff's petition does not complain that an improper final vote occurred during a closed session; in fact, the Sheriff acknowledges that the final vote occurred in open session. Instead, the Sheriff alleges that the topic of the closed session—whether the Commission had jurisdiction to hear Perry's appeal—did not fall within

13

the Section 551.074(a)(1) exception and thus violated TOMA, and we have concluded these allegations sufficiently support a waiver of immunity on the face of the pleadings. The Commission's cases do not compel a different conclusion.

Because the Sheriff's petition alleges a TOMA violation, and because immunity is waived for claims seeking mandamus and injunctive relief to reverse a violation of the Act, we hold the district court erred by dismissing the Sheriff's TOMA claim. We sustain the Sheriff's first issue.

**B.      Ultra vires exception to governmental immunity**

In his second issue, the Sheriff argues that the Commission does not enjoy governmental immunity because the Commissioners ignored their ministerial duty to dismiss Perry's appeal. The Sheriff correctly asserts that, even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engaged in ultra vires conduct. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). To fall within the ultra vires exception, "a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (recognizing two general means of proving an ultra vires claim). Complaining of an officer's exercise of discretion is insufficient. *Hous. Belt & Terminal Ry. Co.*, 487 S.W.3d at 161.

14

A governmental officer acts without legal authority if (1) he exceeds the bounds of his granted authority or (2) his act conflicts with the law itself. *Id.* at 158. This is true even when the governmental officer has some discretion to interpret and apply a law. *Id.* Additionally, officials who are granted discretion to interpret the law do not commit an ultra vires act merely because such act is erroneous: "[o]nly when these improvident actions are unauthorized does an official shed the cloak of the sovereign and act ultra vires." *Hall*, 508 S.W.3d at 243.

An act is ministerial if "the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *City of Hous. v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). On the other hand, an act is discretionary if it requires an official to exercise personal deliberation, decision, and judgment. *Id.*; *see also Dall. Cnty. v. Halsey*, 87 S.W.3d 552, 557 (Tex. 2002). Whether the governmental act is discretionary is a question of law. *State v. San Miguel*, 2 S.W.3d 249, 251 (Tex. 1999).

The Sheriff's core contention is that the Commissioners had a ministerial duty to reject Perry's appeal and thus acted without legal authority by considering it. This contention is rooted in the Local Government Code provision granting the Commission authority over rules for certain personnel actions and the HCSR rules promulgated under that authority. Specifically, the Sheriff emphasizes the language

in Section 158.035(a) of the Local Government Code providing that the Commission "shall" not just adopt and publish rules about dismissals and disciplinary actions but also enforce them. *See* TEX. LOC. GOV'T CODE § 158.035(a) ("The Commission shall adopt, publish, and *enforce* rules regarding: . . . (4) layoffs and dismissals; [and] (5) disciplinary actions[.]" (emphasis added)).

According to the Sheriff, the Commission's mandatory enforcement obligation required dismissal of Perry's appeal because: (1) HCSR Rule 12.05(c) "explicitly prohibits" appeals from administrative dismissals which, like Perry's, pertain to FMLA and leave of absence policies; (2) Perry was administratively dismissed for failing to return to work after exhausting his FMLA benefits; (3) the Commissioners were not provided any evidence that the Sheriff's actions were inconsistent with Harris County's Personnel Regulations; (4) no exercise of discretion was required for the Commissioners to apply Rule 12.05(c)'s dismissal mandate; (5) the Commissioners had a ministerial duty to enforce the Commission's rules; and (6) thus Perry's appeal should have been denied.

Taking the allegations as true, and assuming they were properly asserted against the Commissioners in their official capacities, the Sheriff did not allege a ministerial act that the Commissioners failed to perform. As explained above, HCSR Rule 12.05(c) is a part of the Commission's rules for "Disciplinary Actions and Appeals." A disciplinary action is defined in HCSR 12.01 to include "any action

16

taken against an employee by the [HCSO] due to improper conduct by the employee that will result in termination." "Improper conduct" includes, among other things, "absence without leave"; "insubordination"; "violation of any lawful or reasonable . . . order made and given by a supervisory deputy"; "willful violation" of any rule in the department manual; or "violation of, or willful disregard of, any lawful regulation or order made and given by a Department Supervisor."

HCSR 12.04 gives an employee receiving disciplinary action the right to appeal to the Commission for a final decision. Further, "in rendering a final decision" under Rule 12.04, "the Commission may only sustain, overturn, or reduce the disciplinary action" or "grant the relief requested by the appeal and reinstate the employee." But Rule 12.05(c) provides: "Employees may not use this rule to appeal administrative dismissals pertaining to FMLA and leave of absence policies that are in compliance with Harris County Personnel Regulations."

By its plain language, Rule 12.05(c)'s prohibition against appeals from "administrative dismissals pertaining to FMLA and leave of absence policies" contemplates that the Commissioners determine whether such administrative dismissals "are in compliance with Harris County Personnel Regulations." *Cf. Patients Med. Ctr. v. Facility Ins. Corp.*, 623 S.W.3d 336, 341 (Tex. 2021) (recognizing courts interpret administrative rules using principles of statutory construction and "strive to give effect to the promulgating agency's intent, which is

generally reflected in the [rules'] plain language" (quotation omitted)). Nothing in Rule 12.05(c) completely constrains or prohibits the exercise of personal deliberation, decision, and judgment in making that determination. Even if the Commissioners erred in their deliberations by concluding without sufficient evidence that Perry's dismissal was non-compliant, as the Sheriff alleges, the decision was not outside the Commissioners' authority. *See Hall*, 508 S.W.3d at 242 ("When the ultimate and unrestrained objective of an official's duty is to interpret collateral law, a misinterpretation is not overstepping such authority; it is a compliant action even if ultimately erroneous."). Thus, we cannot say the Commissioners' determination of whether Perry lacked a right to appeal under Rule 12.05(c) was purely ministerial or exceeded the bounds of their authority. *See id.* at 243 (holding that sovereign immunity required dismissal of university regent's claims for declaratory, injunctive, and mandamus relief compelling chancellor to produce student admission records because regent did not show an ultra vires action); *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 196–97 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (affirming order granting plea to the jurisdiction on ultra vires claim because appellant did not show government official failed to perform a ministerial act).

A complaint of a discretionary, as opposed to ministerial act, is not sufficient to confer the district court with subject-matter jurisdiction under the ultra vires

exception to governmental immunity.[3] *See Hous. Belt & Terminal Ry. Co.*, 487 S.W.3d at 161. Consequently, we hold that the district court did not err by dismissing the Sheriff's claims for mandamus and injunctive relief based on the alleged ultra vires act of considering Perry's appeal. We overrule the Sheriff's second issue.

## Conclusion

We reverse that part of the trial court's judgment dismissing the Sheriff's claims for mandamus and injunctive relief based on the alleged TOMA violation and remand those claims for further proceedings. We affirm the trial court's judgment in all other respects.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[3] In a transfer case applying precedent from the Austin Court of Appeals, this Court previously held that the question whether a governmental official has a ministerial duty to perform an act the plaintiff seeks to compel by mandamus goes to merits of the mandamus claim and does not deprive the trial court of jurisdiction over the claim. *See St. Jude Healthcare, Ltd. v. Tex. Health & Human Servs. Comm'n*, No. 01-20-00076-CV, 2021 WL 5904337, at *8 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op.); *see also* TEX. R. APP. P. 41.3 (requiring transferee court to apply transferor court's law). Here, we follow our own precedent and Supreme Court precedent subjecting mandamus claims to a governmental-immunity analysis. *See Hall*, 508 S.W.3d at 243; *Town Park Ctr.*, 639 S.W.3d at 196–97.